# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

**CARL and KATHERINE BRUMAGE,** *et al.*,

    **Plaintiffs,**

v.

**ABBOTT LABORATORIES,** *et al.*,

    **Defendants.**

Case No. 2:18-cv-76

**CHIEF JUDGE EDMUND A. SARGUS, JR.**
**Magistrate Judge Kimberly A. Jolson**

## OPINION AND ORDER

This matter is before the Court on Plaintiffs' Motion for a Default Judgment as to Anthem Insurance Company (ECF No. 17).

### 1. Background

Plaintiffs filed this suit in the Muskingum County Court of Common Pleas on December 18, 2017. Defendants Abbott Laboratories and St. Jude Medical, Inc. removed the suit to this Court on January 30, 2018. (ECF No. 1.)

In their Complaint, Plaintiffs "pray that the Anthem Insurance Company assert its subrogation/reimbursement rights or be forever barred from doing so in the future." (*Compl.*, ECF No. 3, ¶ XI. F). Plaintiffs assert that service of process was completed against Anthem Insurance Company by certified mail on January 4, 2018, while the case was still pending in state court. (ECF Nos. 10, 11). Plaintiffs further assert that, to date, Defendant Anthem Insurance Company has "failed to move or plead in this matter." (ECF No. 17, at p. 1.)

In support of their motion, Plaintiffs filed an affidavit and attached documentary evidence showing that the state court summons was received by an agent of Anthem Insurance Company on January 4, 2018.[1] (ECF No. 15).

## 2. Default Judgment

Federal Rule of Civil Procedure 55 provides as follows:

> (a) Entering a Default. When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default.
>
> (b) Entering a Default Judgment.
>
> (1) *By the Clerk.* If the plaintiff's claim is for a sum certain or a sum that can be made certain by computation, the clerk—on the plaintiff's request, with an affidavit showing the amount due—must enter judgment for that amount and costs against a defendant who has been defaulted for not appearing and who is neither a minor nor an incompetent person.
>
> (2) *By the Court.* In all other cases, the party must apply to the court for a default judgment.
>
> . . .

The Clerk of this Court entered default judgment against Anthem Insurance Company pursuant to Fed. R. Civ. P. 55(a) on April 4, 2018. (ECF No. 16). In addition to the entry of default, inasmuch as the claim is for declaratory relief, it is properly before the Court to consider whether to enter a default judgment pursuant to Fed. R. Civ. P. 55(b)(2).

Inasmuch as the evidence shows that Defendant Anthem Insurance Company has failed to plead or otherwise defend in this case, the Court finds that it has relinquished any rights to seek subrogation or reimbursement against these Plaintiffs.

---

[1] The Court takes judicial notice that the address on the summons is the address for "Anthem Blue Cross Blue Shield" at 1351 William Howard Taft Rd., Cincinnati, Ohio 45206.

3. Conclusion

The Court, having considered the claims set forth in Plaintiffs' complaint, and the information provided in Plaintiffs' affidavit, hereby **GRANTS** Plaintiffs' motion for default judgment (ECF No. 17) as to Defendant Anthem Insurance Company. The earlier motion (ECF No. 11) is **DENIED as MOOT**.

**IT IS SO ORDERED.**

4-23-2018
**DATE**

**EDMUND A. SARGUS, JR.**
**CHIEF UNITED STATES DISTRICT JUDGE**